# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER RANCH LLC, et al.,<br><br>    Plaintiff,<br>v.<br>SELECTED PRODUCE ASSOCIATES, INC., et al.,<br><br>    Defendant. | CASE NO. 10cv242 BTM (RBB)<br><br>**ORDER GRANTING EX PARTE REQUEST FOR TEMPORARY RESTRAINING ORDER** |

Plaintiffs have filed an Ex Parte Application for a Temporary Restraining Order or Preliminary Injunction under Federal Rule of Civil Procedure 65 [Doc. 5].  For the following reasons, the Court **GRANTS** the Application.

Plaintiffs are sellers of perishable agricultural commodities.  They allege that in a series of transactions between October and December 2009 they sold perishable agricultural commodities to Defendant Selected Produce Associates, Inc., totaling at least $356,015.90.  They further allege that Defendant Selected Produce has not paid the amounts owed.

The Perishable Agricultural Commodities Act of 1930, 7 U.S.C. § 499a, *et seq.* ("PACA") places a statutory trust on all produce-related assets, such as the produce itself or other products derived from them, as well as any receivables or proceeds from their sale, held by agricultural merchants, dealers and brokers such as Defendant.  7 U.S.C. § 499e(c)(2); *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132 (3rd Cir. 2000).  The trust must be maintained for the benefit of the unpaid suppliers—in this case the

Plaintiffs.

Plaintiffs allege that Defendant has failed to comply with its statutory duty and is depleting the assets of the statutory trust. Accordingly, Plaintiffs seek an injunction preventing further depletion of the trust. Furthermore, Plaintiffs request the recovery of finance charges ($2,457.55), attorney's fees ($4,779.00), and filing fees ($350). All together, Plaintiffs are requesting $363,602.45 from Defendant.

Under Rule 65(b), an ex parte temporary restraining order ("TRO") may be granted only if (1) specific facts in an affidavit clearly show that immediate and irreparable injury, loss, or damages will result to the movant before the adverse party in opposition may be heard; and (2) the movant's attorney certifies the reasons why notice should not be required.

Additionally, to prevail on a motion for a temporary restraining order, the moving party must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.*, __ U.S. __, 129 S. Ct. 365, 374 (2008).

Plaintiffs satisfy the test for issuing an ex parte TRO. First, Plaintiffs are likely to succeed on the merits because the declaration accompanying their motion shows that they are entitled to a PACA statutory trust and the trust's assets are threatened with depletion. Second, Plaintiffs are likely to suffer irreparable harm absent injunctive relief because the trust may be imminently depleted, leaving no recourse to Plaintiffs. Third, the balance of equities tips in Plaintiffs favor because Defendant would only be required to comply with its statutory duties under PACA. And fourth, an injunction would be in the public interest because through PACA Congress explicitly intended to protect perishable-commodities producers such as Plaintiffs. 7 U.S.C. § 499e(c)(1).

Additionally, Plaintiffs have certified why notice should not be required, given that if notice is given trust assets may be further threatened with depletion, and that Defendants have been uncooperative in negotiating a settlement of Plaintiffs' claims.

For these reasons, the Court **ORDERS** that:

1. Defendants Selected Produce Associates, Inc.., a corporation ("Selected Produce") and Fernando Godoy, an individual ("Godoy") (collectively referred to as "Defendants") show cause why the preliminary injunction should not be granted.  The Court sets the hearing on the preliminary injunction for **February 24, 2010 at 4:00 p.m.**

2. Pending the hearing and determination of the foregoing Order to Show Cause, Defendants, their agents, bankers, subsidiaries, successors, assignees, principals, attorneys, and persons acting in concert with them shall be and hereby are prevented from transferring, withdrawing or in any other manner removing Perishable Agricultural Commodities Act [7 U.S.C. §499e *et seq.*] trust assets, including trust asset funds on deposit in banking accounts held by or on behalf of Defendants Selected Produce or Godoy, from Defendants' banking accounts, including but not limited to Defendant Selected Produce's accounts held at Wells Fargo Bank, N.A., account number 7243622987, and any other accounts subsequently discovered to be standing in said Defendants' names or either of them.

3. Pending the hearing and determination of the foregoing Order to Show Cause, and continuing thereafter, Defendants and their counsel, agents, or representatives, shall be enjoined from engaging in, committing, or performing directly and indirectly, any and all of the following acts:

    A.    Taking any action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiffs' beneficiary interests in the trust assets;

    B.    Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of Perishable Agricultural Commodities Act ("PACA)].

4. If Defendants fail to pay Plaintiffs within five days of the filing of this order the sums described above, Defendants shall immediately account to Plaintiffs for all assets of the PACA trust from commencement of Defendants' business through the date of this Order.

5. The trust assets in Defendant's possession will serve as Plaintiffs' security for this injunction as required by Federal Rule of Civil Procedure 65(c).

6. Plaintiffs shall immediately serve Defendants with copies of this Order. Defendants shall file their opposition to the preliminary injunction by **February 19, 2010**, and Plaintiffs shall file their reply by **February 23, 2010.**

7. This TRO issued on February 11, 2010 at 4:30 p.m. If Defendants pay Plaintiffs the amounts described above in total, the TRO will be dissolved. The parties shall immediately notify the Court if Defendants pay in full. The TRO shall be dissolved when the Court grants or denies the motion for a preliminary injunction.

**IT IS SO ORDERED.**

DATED: February 11, 2010

_____
Honorable Barry Ted Moskowitz
United States District Judge